676 F.2d 291
 28 Fair Empl.Prac.Cas. 785,
28 Empl. Prac. Dec. P 32,580
Bruce BURKHALTER
v.
MONTGOMERY WARD AND COMPANY, INC., Appellee,
v.
Ellen BUCKLEY; Ronald Lewis; Merylon Barnes; Adib Abdullah;
Habeeb-Ullah T. Akbar; Jackie Luster; Gary Brooks;
James McMullen; James E. Bobo; Verochia
Thomas and Ronald L.
Sheffield, Appellants.
 No. 81-1787.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 14, 1982.
Decided April 2, 1982.
 
 Manuel L. Pruitt, Richard Quiggle, Little Rock, Ark., for appellants.
 Jackson, Lewis, Schnitzler & Krupman, Atlanta, Ga., for appellee; Thomas J. Hughes, Jr., Gary R. Kessler, Diane S. Austin, Atlanta, Ga., of counsel.
 Before LAY, Chief Judge, STEPHENSON and ARNOLD, Circuit Judges.
 STEPHENSON, Circuit Judge.
 
 
 1
 This is an appeal from the district court's[1] refusal to allow appellants to intervene in a suit filed by Bruce Burkhalter and settled by him several days prior to appellants' attempted intervention. Appellants sought to intervene as plaintiffs for the purpose of appealing the district court's order striking the class action allegations from the complaint. We hold the district court erred in denying the motion to intervene but affirm the court's action in striking the class action allegations from the complaint.
 
 
 2
 On June 15, 1978, Bruce Burkhalter filed a lawsuit against appellee Montgomery Ward and Company, Inc. complaining of racial discrimination against himself and other black employees. The action was brought pursuant to 42 U.S.C. §§ 1981, 2000e et seq. On August 13, 1979, the district court entered a pre-trial order directing Burkhalter to file his motion for class certification by November 1, 1979. No motion for class certification was filed. On January 10, 1980, the court dismissed the class allegations from the case. More than a month later, Burkhalter filed a motion requesting reconsideration of the dismissal of the class claims which the court denied.
 
 
 3
 Prior to trial, Jewell Brown, Burkhalter's original attorney, advised the court that the case had been settled and the complaint was dismissed with prejudice on March 13, 1980. It later developed that the case had been settled without Burkhalter's consent or knowledge and attorney Brown had kept the proceeds of the settlement.
 
 
 4
 Attorney Brown subsequently admitted to the embezzlement and surrendered his license to practice. Burkhalter did not receive any of the settlement and retained other counsel to proceed with his suit. He moved to have his case reopened under Rule 60(b). On November 5, 1980, the court granted the motion. On February 2, 1981, approximately within ninety days later, Burkhalter moved to have his denial of class certification reconsidered. The court denied this motion.
 
 
 5
 On April 29, 1981, the date set for trial, Burkhalter agreed to settle the case for $2,000. This settlement was announced in open court. Under the terms of the settlement, Burkhalter agreed to dismiss his suit and not to appeal the class action aspects of the suit. The complaint was dismissed with prejudice.
 
 
 6
 Nearly two weeks later, on May 11, appellants in the present case filed a motion to intervene for the purpose of appealing the district court's order striking the class action allegations from the complaint. The district court, in denying the motion, stated:
 
 
 7
 First, it was never necessary for this Court to pursue questions of numerosity, typicality or commonality. The class allegations were stricken from the complaint because of plaintiff's failure to move for class certification within the time allowed by this Court. Certainly this failure was indicative of the plaintiff's ability to be an adequate class representative, as were his actions on the day set for trial.
 
 
 8
 Second, this matter was originally dismissed in March, 1980. None of the applicants sought intervention at that time, so it can hardly be said that they have been relying on the plaintiff to champion their cause. Accordingly, this Court does not believe the applicants' request can be described as timely under the facts of this case.
 
 
 9
 Third, defendant would be unduly prejudiced by intervention at this point in the case. Defendant has already watched one settlement go by the wayside in the interest of justice. To allow intervention would, for all practical purposes, void the benefits of the second settlement as far as defendant is concerned. What incentive would remain for a defendant to ever settle a claim prior to a judgment on the merits if there was always the risk of the case rising from the dead simply because the original complaint contained the apparently magic words "class action"?
 
 
 10
 This Court recognizes that questions of whether issues are moot or subject to appeal are matters for appellate courts. A district court, however, should not be barred from considering such issues in a case such as the present one. As noted earlier, in McDonald (United Airlines, Inc. v. McDonald, 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977) ) there was a judgment on the merits and the majority of the Court assumed the original plaintiffs could have appealed the denial of class certification. At the time of the settlement in that case the question of liability was answered and the only question remaining was how much the defendant owed the plaintiffs. In the present case, the parties entered into a settlement prior to any judgment on the merits, and in this Court's opinion the settlement mooted all issues and prevents an appeal by the original plaintiff or any putative class member, even if Mr. Burkhalter had not expressly agreed to forego an appeal.
 
 
 11
 In summary, this Court finds that the request is not timely and if granted would result in undue prejudice to the defendant. Accordingly, the motion to intervene is denied.
 
 
 12
 Burkhalter v. Montgomery Ward & Co., 92 F.R.D. 361, 26 Empl.Prac.Dec. (CCH) P 32,076 (E.D.Ark.1981).
 
 
 13
 On appeal, appellants claim the district court erred in denying intervention on the grounds that under United Airlines, Inc. v. McDonald, supra, 432 U.S. at 392-96, 97 S.Ct. at 2468-71, the district court should have allowed intervention even though the motion to intervene was made after Burkhalter had settled the suit and the court had dismissed it. Also, the dismissal was erroneous in view of the unethical conduct of Burkhalter's attorney.
 
 
 14
 Appellee replies that because the settlement of Burkhalter's claims removed his personal stake in the suit, the putative class members had no remaining class interest. Also, it claims that intervention was properly refused because it was not sought on a timely basis, there was no longer a viable cause of action after the entry of an order of dismissal with prejudice, Montgomery Ward would be unfairly prejudiced, and no unusual or compelling circumstances had been shown that would justify the delay.
 
 INTERVENTION
 
 15
 The seminal case in the area of intervention is United Airlines, Inc. v. McDonald, supra, 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423. In that case, one Romasanta challenged, on the basis of Title VII of the 1964 Civil Rights Act, a rule requiring stewardesses, but not stewards, to remain unmarried as a condition of employment. Romasanta fashioned the suit as a class action on behalf of herself and all other United stewardesses discharged because of the no-marriage rule.
 
 
 16
 The district court ruled that only those stewardesses who had filed charges under either a fair employment statute or United's collective bargaining agreement constituted the class. The court found the class was too small to satisfy the numerosity requirement of Fed.R.Civ.P. 23(a)(1) and granted United's motion to strike the class allegations. However, the court allowed twelve married stewardesses who had protested their discharge to intervene as additional parties plaintiff.
 
 
 17
 The litigation proceeded as a joint suit on behalf of the original parties and the intervenors. The district court found the plaintiffs were entitled to back pay and reinstatement. Upon agreement by the parties as to the amounts to be awarded each plaintiff, the court entered a judgment of dismissal.
 
 
 18
 Upon learning of the judgment and plaintiffs' decision not to appeal the denial of class certification, McDonald, a putative member of the original class action, filed a motion to intervene for purposes of appealing the adverse class determination order. The district court denied the motion and the court of appeals reversed. Romasanta v. United Airlines, Inc., 537 F.2d 915 (7th Cir. 1976), aff'd sub nom, United Airlines, Inc. v. McDonald, supra, 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423.
 
 
 19
 The Supreme Court, in affirming the circuit court, said:
 
 
 20
 United can hardly contend that its ability to litigate the issue was unfairly prejudiced simply because an appeal on behalf of putative class members was brought by one of their own, rather than by one of the original named plaintiffs. And it would be circular to argue that an unnamed member of the putative class was not a proper party to appeal, on the ground that her interests had been adversely determined in the trial court. United was put on notice by the filing of the Romasanta complaint of the possibility of classwide liability, and there is no reason why Mrs. McDonald's pursuit of that claim should not be considered timely under the circumstances here presented.
 
 
 21
 * * * The critical inquiry in every such case is whether in view of all the circumstances the intervenor acted promptly after the entry of final judgment. * * * Here, the respondent filed her motion within the time period in which the named plaintiffs could have taken an appeal.
 
 
 22
 United Airlines, Inc. v. McDonald, supra, 432 U.S. at 394-96, 97 S.Ct. at 2470-71 (citations and footnotes omitted). See Deposit Guaranty National Bank v. Roper, 445 U.S. 326, 331-40, 100 S.Ct. 1166, 1170-74, 63 L.Ed.2d 427 (1980); United States Parole Commission v. Geraghty, 445 U.S. 388, 395-408, 100 S.Ct. 1202, 1207-1214, 63 L.Ed.2d 479 (1980).
 
 
 23
 The factual circumstances of the cases were very similar. In McDonald, there was a period of eighteen days between entry of final judgment and the filing of the motion to intervene. In the present case there was a twelve-day delay between the entry of the judgment and the filing of the motion to intervene. After reviewing the facts of the present case, we conclude that the guidelines set forth in McDonald required the district court to allow intervention.
 
 CLASS ACTION STATUS
 
 24
 Our holding that the district court erred in not allowing intervention does not dispose of the case. On August 13, 1979, the district court directed Burkhalter to file his motion for certification of the class by November 1, 1979. By January 10, 1980, he had failed to do so. As a result, the court struck the class allegations from the complaint.
 
 
 25
 The district court had the power to establish reasonable times for the filing of documents and if those deadlines were not met, the court had the discretion to dismiss all or part of the suit. The district court's action in striking the class action allegations from the complaint for failure to comply with the court's order fixing a time limit for class certification is reviewed on an abuse of discretion standard. M. S. v. Wermers, 557 F.2d 170, 175 (8th Cir. 1977); Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 96-97 (8th Cir. 1971).
 
 
 26
 The district court gave Burkhalter over two months to file his motion for class certification. It waited another two months before it struck the class allegations. We hold that the deadline set and the resulting striking of the class action allegations in the present case were reasonable. We also note that after the case had been reopened, Burkhalter waited nearly ninety days before he filed his motion for reconsideration of the denial of class certification.
 
 
 27
 Because the dismissal of the class allegations was proper, the failure of the district court to allow post-settlement intervention constituted harmless error. Unlike the situation in United Airlines, Inc. v. McDonald, supra, 432 U.S. at 385-96, 97 S.Ct. at 2464-71, there was no otherwise viable class action into which the intervenors could intervene. In McDonald, the Court found a "timely filing of a complaint for classwide relief, providing United with 'the essential information necessary to determine both the subject matter and size of the prospective litigation * * *.' " Id. at 392-93, 97 S.Ct. at 2468-69 (quoting American Pipe & Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974)). In light of Burkhalter's failure to timely file a motion to certify the class, the filing which in McDonald constituted a timely filing of a complaint for classwide relief did not exist in the present case. To allow class action intervention would unduly prejudice Montgomery Ward and would circumvent the power of the district court to establish deadlines and proceed with its docket.
 
 
 28
 Affirmed.
 
 
 
 [1]
 The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas