123 F.3d 1317
 1997-2 Trade Cases P 71,910, 38 Fed.R.Serv.3d 988,
97 Cal. Daily Op. Serv. 7105,
97 Daily Journal D.A.R. 11,450
 STATE OF ALASKA, as Parents Patriae; State of Alaska;
Carr-Gotstein Foods Co., A Delaware Corp.; Quicky
Mart, Inc., an Alaskan Corp. Plaintiffs,
v.
SUBURBAN PROPANE GAS CORP., a New Jersey Corp.; Suburban
Propane, Division of Quantum Chemical Corp.; Quantum
Chemical Company, A Virginia Corp.; Petrolane, Inc., A
California Corp.; Tesoro Alaska Petroleum Company, A
Delaware Corp., Defendants-Appellees.
Jose Daniel Ramos, Applicant in intervention-Appellant.
 No. 95-36269.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 14, 1997.
Decided Sept. 3, 1997.
 
 David C. Stewart, Gruenstein, Hickey, & Stewart, Anchorage, AK, for the Intervenor-Appellant.
 David S. Patterson, Stephen J. Young, Whitman Breed Abbott & Morgan, LLP, New York City, for defendants-appellees Suburban Propane Gas Corp., Suburban Propane and Quantum Chemical Corp.
 Jay N. Varon (argued), Melinda F. Levitt, Foley & Lardner, Washington, DC, for defendant-appellee Petrolane, Inc.
 George A. Joseph, Terri Abruzzo, Kirkland & Ellis, Chicago, IL, for Tesoro Alaska Petroleum Co.
 Appeal from the United States District Court for the District of Alaska; John W. Sedwick, District Judge, Presiding. D.C. No. CV-93-00291-JWS.
 Before WALLACE, John T. NOONAN, Jr. and THOMPSON, Circuit Judges.
 DAVID R. THOMPSON, Circuit Judge.
 
 OVERVIEW
 
 1
 A number of petroleum purchasers ("named plaintiffs") brought suit against a number of petroleum companies ("Suburban"). The district court denied class certification. The named plaintiffs continued the suit in their individual capacities and eventually settled with Suburban. After judgment was entered, Jose Daniel Ramos, a putative class member, attempted to intervene for the purpose of appealing the denial of class certification. The district court denied intervention on the grounds that the motion to intervene was untimely and there was no justiciable issue. Ramos appeals the district court's denial of his motion to intervene.
 
 
 2
 We have jurisdiction under 28 U.S.C. § 1291. We conclude that although the district court erred in denying Ramos's motion to intervene, the error was harmless and we affirm.
 
 FACTS
 
 3
 On behalf of themselves and a class of 1,300 commercial users of propane in certain areas of Alaska, the named plaintiffs brought an action against Suburban, alleging antitrust violations. The district court reasoned that, because the named plaintiffs were large and sophisticated petroleum purchasers, their bargaining power might give them an opportunity to avoid injury altogether, and this in turn could provide the defendants with a defense to the claim of antitrust injury. Because this potential defense was not typical to the putative class, the district court denied the motion for class certification. The named plaintiffs continued the suit in their individual capacities and eventually settled with Suburban. The court entered a final judgment of dismissal on September 26, 1995.
 
 
 4
 On October 25, 1995, Ramos moved to intervene as a member of the putative class of commercial users of propane. He filed his motion on the twenty-ninth day of the thirty-day period within which a named plaintiff could file a notice of appeal from the final judgment. See Fed. R.App. P. 4(a).
 
 
 5
 Ramos sought to intervene for the sole purpose of appealing the denial of class certification. The district court denied his motion on the ground that it was untimely because Ramos had not filed it until after final judgment was entered, and Ramos offered no excuse for this "delay." As an alternative ground for denial of the motion, the district court concluded there was no justiciable issue, because the named plaintiffs no longer were willing to act as class representatives and Ramos had not agreed to be the class representative nor had he identified a new class representative.
 
 DISCUSSION
 A. Timeliness
 
 6
 The district court denied Ramos's motion to intervene, stating that Ramos reasonably could have intervened at any time during the eight months before final judgment and, in the absence of a good excuse for not filing the motion until he did, his motion to intervene was untimely.
 
 
 7
 We review for abuse of discretion the district court's determination that the motion to intervene was untimely. Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 836 (9th Cir.1996). The district court abuses its discretion if it erroneously interprets applicable law. United States v. Beltran-Gutierrez, 19 F.3d 1287, 1289 (9th Cir.1994).
 
 
 8
 In deciding that Ramos's motion to intervene was untimely, the district court applied the test by which we determine timeliness for general intervention in the typical case. That test requires the consideration of three factors: (1) the stage of the proceedings at which intervention is sought; (2) the prejudice that would be suffered by other parties if intervention were granted; and (3) the reason for and length of the delay in seeking intervention. Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, 62 F.3d 1217, 1219 (9th Cir.1995).
 
 
 9
 The present case, however, does not involve general intervention. It involves intervention for the limited purpose of appeal from denial of class certification. In this type of intervention, our three-part test does not apply.
 
 
 10
 For the limited purpose of intervention to appeal from denial of class certification, the Supreme Court has held that the proper stage of the proceedings to intervene is after final judgment. United Airlines, Inc. v. McDonald, 432 U.S. 385, 394-95, 97 S.Ct. 2464, 2469-70, 53 L.Ed.2d 423 (1977). Further, so long as the motion to intervene is filed within the time within which the named plaintiffs could have taken an appeal, the motion is timely as a matter of law. Id. at 395-96, 97 S.Ct. at 2470-71 In United Airlines, the Court stated that "The respondent filed her motion within the time period in which the named plaintiffs could have taken an appeal. We therefore conclude that the Court of Appeals was correct in ruling that the respondent's motion to intervene was timely filed and should have been granted." Id. at 396, 97 S.Ct. at 2470. Because Ramos's motion was timely filed under the United Airlines rule, it was unnecessary for him to offer any excuse for not having filed his motion sooner than he did.
 
 
 11
 Filing the notice of appeal on the twenty-ninth day of the thirty-day period within which the named plaintiffs could have taken an appeal did not unfairly prejudice Suburban. It was put on notice by the original complaint of the possibility of classwide liability. Its settlement bound only the individually named plaintiffs who settled their claims. There was always the risk that a putative class member might appeal the denial of class certification, and this is a risk Suburban assumed. As the Court stated in United Airlines,
 
 
 12
 [Defendant] can hardly contend that its ability to litigate the issue was unfairly prejudiced simply because an appeal on behalf of putative class members was brought by one of their own, rather than by one of the original named plaintiffs.... [Defendant] was put on notice by the filing of the [original] complaint of the possibility of classwide liability, and there is no reason why [the proposed intervenor's] pursuit of that claim should not be considered timely under the circumstances here presented.
 
 
 13
 United Airlines, 432 U.S. at 394-95, 97 S.Ct. at 2469-70.
 
 
 14
 We conclude the district court abused its discretion by applying our three-part test for general intervention to deny as untimely Ramos's motion to intervene for the limited purpose of appeal from denial of class certification.
 
 B. Justiciable Issue
 
 15
 As an alternative ground for its denial of Ramos's motion to intervene, the district court held that there was no justiciable issue created by Ramos's motion. The district court reasoned that because the named plaintiffs had settled their claims, and as a result had refused to act as class representatives, and because Ramos did not volunteer to be named class representative nor did he identify anyone else who would act as class representative, there was no longer a justiciable case or controversy to litigate.
 
 
 16
 We respectfully disagree with the district court. A similar question was presented in United States Parole Comm'n v. Geraghty, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). There, Geraghty brought a class action suit and asserted himself as class representative. Id. at 393, 100 S.Ct. at 1207. The district court denied class certification and then denied Geraghty's individual claim. Id. Geraghty attempted to appeal the class denial. Id. at 394, 100 S.Ct. at 1207. Because Geraghty's individual claim was moot, one of the disputed issues was whether Geraghty could be an appropriate class representative for a class action suit. The Supreme Court acknowledged this problem but stated:
 
 
 17
 [A] case or controversy still exists. The question of who is to represent the class is a separate issue. We need not decide here whether Geraghty is a proper representative for the purpose of representing the class on the merits. No class as yet has been certified. Upon remand, the District Court can determine whether Geraghty may continue to press the class claims or whether another representative would be appropriate. We decide only that Geraghty was a proper representative for the purpose of appealing the ruling denying certification of the class....
 
 
 18
 Id. at 407, 100 S.Ct. at 1213 (emphasis added) (footnote omitted).
 
 
 19
 In light of Geraghty, Ramos is not required to offer himself as class representative, nor must he identify a class representative, for the class action suit. He merely must show that he is a proper representative for the purpose of appealing class denial. He has made this showing.
 
 
 20
 Ramos is a putative plaintiff class member. The statute of limitations rendered the class members' individual claims time barred. Thus, putative class members have a substantial stake in the outcome of the appeal. If the denial of class certification were improper then the class still exists and the class members retain the opportunity to seek recourse through litigation.
 
 The Supreme Court has pointed out:
 
 21
 The imperatives of a dispute capable of judicial resolution are sharply presented issues in a concrete factual setting and self-interested parties vigorously advocating opposing positions. [And] these elements can exist with respect to the class certification issue notwithstanding that the named plaintiff's claim on the merits has expired. The question whether class certification is appropriate remains as a concrete, sharply presented issue.
 
 
 22
 Geraghty, 445 U.S. at 403-04, 100 S.Ct. at 1212-13 (citations omitted).
 
 
 23
 This reasoning applies with equal force in the present case. Here, there is a sharply presented issue-whether the district court erred in denying class certification. There is also a concrete factual setting, and Ramos and Suburban certainly qualify as self-interested parties who would vigorously advocate opposing positions. This is a dispute capable of judicial resolution. If an appellate court were to determine that the class should have been certified and remand the case to the district court, then would be an appropriate time to select a class representative.
 
 
 24
 We conclude that the district court abused its discretion in denying intervention on justiciability grounds.
 
 C. Harmless Error
 
 25
 Although the district court erred in denying Ramos's motion to intervene, the error is harmless under Federal Rule of Civil Procedure 61.[1]
 
 
 26
 "[A] named plaintiff's motion for certification should not be granted if there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir.1992). Thus, when named plaintiffs are subject to unique defenses which could skew the focus of the litigation, district courts properly exercise their discretion in denying class certification.
 
 
 27
 Here, the district court found just such a problem. In its order denying class certification, the district court identified a number of ways in which the named plaintiffs were differently situated from many of the putative class members. The district court then stated, "[a] careful consideration of how different situations may affect the very existence of damages (and hence of antitrust injury ) raises serious doubts about how well situated plaintiffs are to act as class representatives." According to the district court, the bargaining power wielded by the named plaintiffs (which included the State of Alaska and some corporations) might have given them opportunities to avoid injury altogether and this, in turn, would have provided the defendants with a defense to the claim of antitrust injury.
 
 
 28
 We conclude the district court did not abuse its discretion in utilizing this rationale as a reason for denying class certification. The decision to deny class certification was correct. Accordingly, the error in denying Ramos's motion to intervene to appeal that decision was harmless. Fed.R.Civ.P. 61; Burkhalter, 676 F.2d at 295.
 
 
 29
 AFFIRMED.
 
 
 
 [1]
 Although we have not yet applied the harmless error doctrine to this factual situation, the Eighth Circuit has. An Eighth Circuit case held that a district court's error in denying a putative class member's motion to intervene for the purpose of appealing class denial was harmless error because the class denial was not an abuse of discretion. See Burkhalter v. Montgomery Ward & Co., 676 F.2d 291, 295 (8th Cir.1982)