Richard D. WARREN; Elizabeth K. Warren, Petitioners–Appellees,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellant.

No. 00–71217.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2001.

Filed Aug. 26, 2002.

---

Eileen J. O'Connor, Gilbert S. Rothenberg, Andrea R. Tebbets, Judith A. Hagley, United States Department of Justice, Washington, DC, for the respondent-appellant.

Arthur A. Oshiro, Saavedra & Zufelt, Long Beach, CA, and John C. Eastman, the Claremont Institute Center for Constitutional Jurisprudence, Orange, CA, for the petitioners-appellees.

Frank Sommerville, Hammar & Sommerville, Houston, TX, for amicus National Association of Church Business Administration, et al.

Erwin Chemerinsky, University of Southern California Law School, Los Angeles, CA, as court-appointed amicus.

Before: BROWNING, REINHARDT, and TALLMAN, Circuit Judges.

ORDER; Concurrence by Judge TALLMAN.

### ORDER

Professor Erwin Chemerinsky has a filed a motion to intervene in this appeal, while the parties have filed a stipulation of dismissal under Fed. R.App. P. 42(b). We deny Prof. Chemerinsky's motion and dismiss this appeal.

Rev. Richard D. Warren received approximately $80,000 annually from his church as a cash housing allowance. He claimed this entire amount as a tax exclusion under 26 U.S.C. § 107(2), which provides generally that rental allowances paid to "ministers of the gospel" are not taxable income. The IRS filed a notice of deficiency, claiming that his exclusion was excessive because it exceeded his home's fair

rental value. Rev. Warren sought a declaration in Tax Court that he was entitled to claim the full amount as an exclusion, and a majority of the Tax Court agreed. *See Warren v. Commissioner,* 114 T.C. 343, 2000 WL 626758 (2000). The government appealed.

After oral argument, we appointed Prof. Chemerinsky as amicus.[1] We requested supplemental briefing from the parties and amici on whether we should consider the constitutionality of § 107(2) and, if so, whether Rev. Warren's claimed exclusion violates the Establishment Clause because it provides a tax benefit available only to "ministers of the gospel." *See Warren v. Commissioner,* 282 F.3d 1119 (9th Cir. 2002). On May 20, 2002, the President signed into law the Clergy Housing Allowance Clarification Act of 2002, Pub.L. No. 107–181, 116 Stat. 583, which resolved the question of statutory interpretation raised by the parties. Its sponsors explained that this bill was designed to prevent this Court from reaching the constitutionality of § 107(2).[2]

On May 22, 2002, the parties filed a stipulation to dismiss this appeal under Fed. R.App. P. 42(b). On the same day, Prof. Chemerinsky filed an opposition to dismissal and a notice of motion to intervene, and on May 29 filed the actual motion to intervene as a private taxpayer. Although Prof. Chemerinsky acknowledges that his request is unusual, he argues that he should be allowed to intervene to bring a larger facial challenge to the constitutionality of § 107(2) and prevent the government from evading this question. As that issue has already been fully briefed, he contends that intervening now would be more efficient than filing a new taxpayer suit for declaratory and injunctive relief that would undoubtedly return to this Court.

■ Before enforcing the stipulated dismissal under Rule 42(b), we first consider whether Prof. Chemerinsky may properly intervene to become a party.[3] We assume arguendo that in an appropriate circumstance, a nonparty could intervene at this stage of an appeal. *Cf. Alaska v. Suburban Propane Gas Corp.,* 123 F.3d 1317, 1319 (9th Cir.1997) (holding that putative class member could intervene for the purpose of appeal after parties settled claims and district court entered final judgment); *United States ex rel. Killingsworth v. Northrop Corp.,* 25 F.3d 715, 719–20 (9th Cir. 1994) (holding that nonparty could intervene for appeal after parties filed stipulation of dismissal in district court). Here, however, Prof. Chemerinsky seeks to go further and intervene to raise an issue not raised by the parties as an alternative to filing a separate taxpayer action on his own behalf in district court. In the exercise of our discretion, we deny his motion.

---

1. We had previously allowed the National Association of Church Business Administration to participate as amicus on behalf of Rev. Warren. Other organizations have now also sought leave to participate as amici. In light of this disposition, we deny these motions as moot.

2. The amendment adopts the IRS's interpretation of the statute and provides that the housing allowance is limited to the fair rental value of a minister's housing. However, it also specifies that this interpretation applies only prospectively and not to the tax years in question here, 1993 1995. In the stipulation to dismiss the appeal, the IRS agreed—contrary to the government's position prior to the enactment of the statute—to allow Warren to deduct the full $80,000 cash allowance he received annually from his church for the years in question.

3. As a practical matter, Chemerinsky filed his motion to intervene simultaneously with the stipulation of dismissal, as soon as he learned of the parties' agreement to dismiss. *Cf. United States v. Carpenter,* 298 F.3d 1122, 1125 (9th Cir.2002) ("The intervenors acted as soon as they had notice that the proposed settlement was contrary to their interests.").

■ First, Prof. Chemerinsky does not demonstrate an entitlement to intervention as of right under Fed.R.Civ.P. 24(a). Under Rule 24(a), Prof. Chemerinsky must demonstrate a " 'significant protectable interest' relating to the property or transaction that is the subject of the action." *Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir.1998). Prof. Chemerinsky, however, is not directly affected by the subject matter of this litigation—Rev. Warren's individual tax liability.[4] Instead, he has a larger but more generalized interest as a taxpayer under *Flast v. Cohen,* 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968), in ensuring that the government does not provide a tax subsidy for ministers in violation of the Establishment Clause. Neither the voluntary dismissal here nor the passage of the Clergy Housing Allowance Clarification Act resolves the constitutionality of § 107(2). Because Prof. Chemerinsky may raise this issue through a separate lawsuit, our denial of intervention will not impair his ability to protect his interest as a taxpayer.

■ Second, Prof. Chemerinsky fails to articulate a compelling basis for permissive intervention under Fed.R.Civ.P. 24(b), at this stage of the proceedings. He argues that intervention is appropriate under *Benavidez v. Eu,* 34 F.3d 825(9th Cir.1994), where we held that a nonparty may intervene in an existing district court action and raise new claims as an alternative to filing a separate action:

A court has discretion to treat the pleading of an intervenor as a separate action in order that it might adjudicate the claims raised by the intervenor. This discretionary procedure is properly utilized in a case in which it appears that the intervenor has a separate and independent basis for jurisdiction and in which failure to adjudicate the claim will result only in unnecessary delay. By allowing the suit to continue with respect to the intervening party, the court can avoid the senseless delay and expense of a new suit, which at long last will merely bring the parties to the point where they now are.

*Id.* at 830(quoting *Fuller v. Volk,* 351 F.2d 323, 328–29 (3d Cir.1965)) (alternations and internal quotations omitted). However, we have never considered whether an intervenor may bypass a lower court altogether and raise new claims for the first time in an existing appeal.

We see no prudential reason for allowing intervention at this time. Given the weighty nature of Prof. Chemerinsky's constitutional arguments, they are better suited for consideration in the first instance in a traditional procedural posture before a district court. If Prof. Chemerinsky chooses to file a separate taxpayer action, the new parties could plead their claims and defenses more specifically and obtain whatever limited discovery and evidentiary proceedings are necessary.[5] Fur-

---

**4.** We questioned the constitutionality of § 107(2) not because it was a freestanding issue that needed resolution, but only as necessary to determine whether the Tax Court had erred when it issued declaratory relief stating that Rev. Warren could exclude his entire housing allowance from taxation. As the government has abandoned its claims against Rev. Warren, we have no occasion to resolve this difficult issue now.

**5.** We assume, without deciding, that the Anti Injunction Act, 26 U.S.C. § 7421(a), and De-

claratory Judgment Act, 28 U.S.C. § 2201(a), do not pose a jurisdictional bar. *See In re Leckie Smokeless Coal Co.,* 99 F.3d 573, 584 (4th Cir.1996) ("The purposes of the two statutory provisions are to allow the Federal Government to assess and collect allegedly due taxes without judicial interference and to compel taxpayers to raise their objections to collected taxes in suits for refunds."). Prof. Chemerinsky is not seeking injunctive and declaratory relief to avoid paying taxes, but to challenge the constitutionality of an exclusion that singles out ministers for favorable tax

ther, because the issues have already been fully developed and primarily involve a question of law, we have every confidence that the parties could proceed expeditiously in the district court.[6] We therefore see no need to allow the request for intervention merely for the sake of judicial efficiency.

Accordingly, we DENY Prof. Chemerinsky's motion to intervene without prejudice to his right to file a separate civil action. Because every correct party has stipulated to dismissal, we ORDER the clerk to dismiss this appeal. The parties shall bear their own costs.

APPEAL DISMISSED.

TALLMAN, Circuit Judge, specially concurring.

I concur only in the judgment of the Court. Because the parties had previously stipulated to a dismissal, pursuant to Federal Rule of Appellate Procedure 42(b), the Clerk should simply dismiss the appeal. The Court need not consider Professor Chemerinsky's subsequent motion to intervene because it is moot. Nothing more need be said.

---

treatment. Further, because he is not litigating his own tax liability, he does not have the alternative of paying a tax and then suing for a refund. *See South Carolina v. Regan,* 465 U.S. 367, 373, 104 S.Ct. 1107, 79 L.Ed.2d 372 (1984) (noting that the Anti Injunction Act "was not intended to bar an action where ... Congress has not provided the plaintiff with an alternative legal way to challenge the validity of a tax"); *Perlowin v. Sassi,* 711 F.2d 910, 911 (9th Cir.1983) (interpreting the Declaratory Judgment Act as coextensive with the Anti Injunction Act).

**6.** Prof. Chemerinsky argues that we should allow intervention because the facts of this case provide a concrete factual example regarding the use of § 107(2), including its potential for abuse, and because Congress's effort to moot this case raises further questions about the constitutionality of § 107(2). We note that a district court in a subsequent action may take judicial notice of the circumstances of this appeal, including the facts previously stipulated by the government. Consequently, we have no need to consider these issues now.