Roya KOIKE and Adam Odnert, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

STARBUCKS CORPORATION, Defendant.

No. C 06–3215 VRW.

United States District Court, N.D. California.

March 10, 2009.

Gregory N. Karasik, Robert Ira Spiro, Spiro Moss Barness LLP, Los Angeles, CA, Martin A. Shellist, Shellist Lazarz, LLP, Robert Randolph Debes, Jr., Debes Law Firm, Houston, TX, for Plaintiffs.

Catherine A. Conway, Mark Royce Curiel, Gregory William Knopp, Akin Gump Strauss Hauer & Feld LLP, Los Angeles, CA, Joel M. Cohn, Akin Gump Strauss Hauer & Feld LLP, Washington, DC, for Defendant.

## ORDER

VAUGHN R. WALKER, Chief Judge.

On December 15, 2008, Shaun Nguyen moved to intervene under FRCP 24 for the limited purpose of appealing Doc. # 127, the order denying class certification in the above-captioned case. Doc. # 135. If the court grants his motion, Nguyen further requests ten days from the date of this order to file his notice of appeal. Doc. # 135 at 1. Defendant Starbucks Corporation ("Starbucks") opposes Nguyen's motion to intervene. Doc. # 140.

## I

This case began as a putative class action against Starbucks based on alleged violations of various wage and hour provisions of the California Labor Code. Doc. # 25. Plaintiffs Roya Koike and Adam Odnert, as putative class representatives and former Starbucks assistant managers, alleged that Starbucks encouraged assistant managers at retail outlets not to work more than forty hours per week, effectively requiring them to perform some tasks off-the-clock, so that Starbucks would not have to pay them overtime wages. Id. at 6–10. Starbucks moved for summary judgment on Odnert's claims on October 18, 2007, Doc. # 65, which the court granted because Odnert failed to show that Starbucks had actual or constructive knowledge that he had worked off-the-clock. Doc. # 127 at 11. In the same order, the court denied class certification because individual questions predominated over common issues. Id. at 16. Koike's individual claims continued after the denial of class certification. Id. at 22.

On November 6, 2008, the parties notified the court that they had settled the case. Doc. # 132. As part of the settlement, Koike and Odnert agreed not to appeal the denial of class certification. Doc. # 134 at 2. On December 4, 2008, the court entered judgment in Starbucks's favor on Odnert's claims, and Koike agreed to dismiss her claims with prejudice. Id.

Nguyen explains his membership in the putative class in his declaration, Doc.

# 136. Nguyen was employed as an assistant manager at various Starbucks retail locations in California from February 2005 through June 2008. Id. at ¶ 1. Nguyen is thus a member of the putative class, which consists of

> all persons who worked for Starbucks as an Assistant Store Manager in California since September 30, 2002 who do not currently work for Starbucks, excluding those employees of Starbucks who filed a consent to be a party plaintiff in the case of *Falcon v. Starbucks Corporation*, Case No H–05–0792 presently pending in the United States District Court, Southern District of Texas.

Doc. # 73 at 1. Aside from his status as a putative class member, Nguyen had not been involved in the court's proceedings until he filed his motion to intervene on December 15, 2008. Doc. # 135. Nguyen's counsel is the same as Koike's and Odnert's. Compare Doc. # 135 at 6 with Doc. # 134 at 3.

## II

■ Nguyen seeks to intervene as of right under FRCP 24(a) or alternatively with the court's permission under FRCP 24(b). Doc. # 135. FRCP 24 permits, under certain circumstances, the intervention of a non-party in ongoing litigation. As the movant, Nguyen bears the burden to demonstrate that he meets the requirements of FRCP 24. *Petrol Stops Northwest v. Continental Oil Co.*, 647 F.2d 1005, 1010 (9th Cir.1981). In ruling on a motion to intervene, "a district court is required to accept as true the non-conclusory allegations made in support of [the] intervention motion." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 819–20 (9th Cir.2001).

■ To seek intervention as of right under FRCP 24(a), Nguyen must make a four-part showing: (1) his motion is timely; (2) he has a significant protectible interest relating to class certification decision; (3) he so situated that the disposition of the action may practically impair his ability to protect his interest; and (4) his interest is not adequately represented by the parties to the action. See *Forest Conservation Council v. United States Forest Service*, 66 F.3d 1489, 1493 (9th Cir.1995); see also *Cabazon Band of Mission Indians v. Wilson*, 124 F.3d 1050, 1061 (9th Cir.1997); *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir.1998). Generally, the court should be "guided primarily by practical and equitable considerations" and should "interpret the requirements broadly in favor of intervention." *Donnelly*, 159 F.3d at 409 (internal citation omitted).

■ First, a motion to intervene for the limited purpose of appealing a denial of class certification is timely if it is filed within the time allowed for a party to file an appeal. *United Airlines v. McDonald*, 432 U.S. 385, 392, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977); *Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317 (9th Cir.1997). Under FRAP 4(a)(1)(A), a party has thirty days after entry of judgment to file a notice of appeal. Nguyen's motion was timely because he filed it on December 15, 2008, fewer than thirty days after the court entered judgment on December 4, 2008.

■ Second, the court considers whether Nguyen has a significant protectible interest in appealing the denial of the class action. An interest is significantly protectible if (1) it is protected under some law and (2) the applicant shows a relationship between the legally protected interest and the claims of Koike and Odnert. *Donnelly*, 159 F.3d at 409. No bright line rule determines whether the applicant has a significant interest. *Southern Cal. Edison*

*Co. v. Lynch,* 307 F.3d 794, 802–803 (9th Cir.2002) (internal citations omitted).

Neither party disputes that Nguyen could bring individual claims against Starbucks at this time; accordingly, the only protectible interest at issue is Nguyen's ability to pursue his claims in the form of a class action. The Supreme Court, in a footnote, pointed out why a plaintiff may prefer a class action to an individual claim:

> A significant benefit to claimants who choose to litigate their individual claims in a class-action context is the prospect of reducing their costs of litigation, particularly attorney's fees, by allocating such costs among all members of the class who benefit from any recovery. Typically, the attorney's fees of a named plaintiff proceeding without reliance on Rule 23 could exceed the value of the individual judgment in favor of any one plaintiff.

*Deposit Guaranty National Bank v. Roper,* 445 U.S. 326, 339 n. 9, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980). The class's interest in a class action continues even when the plaintiff's individual claims have become moot. *United States Parole Commission v. Geraghty,* 445 U.S. 388, 403, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). Because FRCP 23 provides Nguyen with a procedure for pursuing his claims, the court finds Nguyen's interest in the procedural vehicle of a class action to be significantly protectible.

■ Third, the court turns to whether Nguyen is so situated that denying his motion to intervene may practically impair his ability to protect his interest. The court looks to the practical effect of denying the motion to intervene. *United States v. City of Los Angeles,* 288 F.3d 391, 399 (9th Cir.2002). Here, the statute of limitations may restrict the class claims Nguyen could assert through a new action, because the denial of class certification does not toll the statute of limitations for a subsequent class action. *Robbin v. Fluor Corp.,* 835 F.2d 213, 214 (9th Cir.1987). While the court does not decide the effect of class action tolling rules, *Robbin* suggests that the statute of limitations may have run on a substantial portion of the class claims that Nguyen can assert by intervening. *Id.*

Further, the costs of bringing a new action are, in all likelihood, significantly higher than the costs of intervening to appeal. If he were to bring a new action, Nguyen would have costs associated with pleadings and discovery before he could bring a motion for class certification, which presumably would be denied as was Koike's class claim. Intervention allows Nguyen to bypass these steps and their associated costs and skip directly to an appeal.

Intervention provides a cost-effective way for Nguyen to represent the current class. Granting intervention ensures, as a practical matter, that neither cost nor the statute of limitations will prevent Nguyen pursuing his claims as a class action.

Fourth and finally, the court considers whether Nguyen's interests are adequately represented by the current plaintiffs. Nguyen's interest in pursuing his claims as a class action obviously cannot be represented by plaintiffs Odnert and Koike, because they have agreed as part of their individual settlements not to appeal the class certification decision. See Doc. # 134. Because neither Koike nor Odnert have standing to appeal, they cannot represent Nguyen's interests.

■ Nguyen has met his burden to demonstrate that he is entitled to intervene as of right under FRCP 24(a). Accordingly, the court need not consider his motion for permissive intervention under FRCP 24(b).

Starbucks asserts that even if Nguyen were to intervene, he would have the same standing as Koike and Odnert and would not be able to appeal. Doc. # 140 at 13–14. Starbucks argues that the entry of judgment pursuant to stipulation, Doc. # 134, foreclosed the right of any party, current or future, to appeal the judgment. Doc. # 140 at 12–13. Because the order denying class certification merged into the final judgment, see *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468–69, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), Starbucks asserts that Nguyen has no standing to appeal. Doc. # 140 at 13.

 A party who consents to judgment waives the right to appeal the judgment unless that right is expressly reserved. *Seidman v. City of Beverly Hills,* 785 F.2d 1447, 1448 (9th Cir.1986). Koike and Odnert cannot appeal the denial of class certification because they consented to the entry of judgment and expressly waived their right to appeal. *Id.* But unnamed members of the putative class who did not consent to the entry of judgment did not waive their right to appeal the class certification decision. See *Suburban Propane,* 123 F.3d at 1319. Koike and Odnert have no standing to appeal because they consented to entry of judgment; Nguyen did not consent and thus has standing to appeal. *Id.* If the appellate court determines that denial of class certification was erroneous, on remand the court can determine whether Nguyen is an appropriate class representative. *Geraghty,* 445 U.S. at 407, 100 S.Ct. 1202; *Suburban Propane,* 123 F.3d at 1319. Thus, Nguyen, as an unnamed member of the putative class, may file an appeal.

## III

 Having determined that Nguyen may intervene as of right, the court now considers the practical import of its decision. Here, Nguyen relied on Koike and Odnert to represent his interest following the denial of class certification and only moved to intervene once Koike and Odnert had finished litigating their individual claims and final judgment was entered. But unnamed class members are not always encouraged to rely on the named plaintiffs to represent their interests following a court's denial of class certification. The rules governing tolling of a class member's individual claims are inconsistent with the rule allowing intervention after entry of judgment. While a motion for class certification is pending, a putative class member's individual claims against the defendant are tolled. *Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345, 353–54, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983); *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 554, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). But once the court denies class certification, prior to the entry of final judgment, the statute of limitations on a class member's individual claims begins to run. *Crown, Cork & Seal,* 462 U.S. at 353–54, 103 S.Ct. 2392. The tolling rules consider a class action expired as soon as the district court denies class certification.

Here, however, unnamed class members are encouraged to wait to intervene until after the named plaintiffs resolve their individual claims and final judgment is entered. The class never disappears; it waits in limbo for the named plaintiffs to complete their day (or month or years) in court. Thereafter, the class reemerges Phoenix-like, fully formed and ready to appeal. The trouble, of course, is that under the tolling rules, some class members' individual claims may be time-barred when the court enters final judgment.

Because the issue of tolling is not before the court, the court is not currently faced with a class whose individual claims have

become time-barred but whose class claims are still live. If, however, the court's certification decision is overturned, on remand the tolling rules may raise the question whether individuals whose claims have become time-barred are still class members.

Starbucks, needless to say, will find itself unhappy with this state of affairs. It went to the trouble and expense of litigating the class issue and Odnert's individual claim, then, after winning the class motion, settled with Koike and Odnert, only to have Nguyen appear to pick up the cudgel that Koike and Odnert dropped and, in the process, be represented by their attorney. The practical effect of this is unclear. On the one hand, requiring Nguyen to initiate a new suit would impose the transaction costs described above. If the denial of class certification was erroneous, these costs can simply be avoided by allowing intervention; moreover, a portion of the class's claims would otherwise be time barred. So, as long as some class member, like Nguyen, is willing to step forward to challenge denial of certification, allowing intervention would seem to make sense. On the other hand, a sophisticated defendant, like Starbucks, will quickly realize the evanescent value of its settlement here and act accordingly in the future. If Nguyen's intervention keeps alive class claims that would otherwise be barred, Starbucks will be denied the value of the repose it sought by contesting class certification.

## IV

Nguyen requests the court allow him ten days from the date of this order to file a notice of appeal. Doc. # 135 at 1. Under FRAP 4(a)(5)(A), the court can grant an extension of time to file an appeal if the movant requests an extension within the time allowed to appeal under FRAP 4(a) and shows good cause. Here, Nguyen's request for an extension of time was time-

ly because he filed it on December 15, 2008, within the thirty days allowed under FRAP 4(a)(1)(A). Further, good cause exists because Nguyen was not a party to the action and thus could not have filed a notice of appeal until he intervened. Accordingly, the court GRANTS Nguyen's request for an extension of time. Nguyen has ten days from the date of this order to file his notice of appeal.

## V

Nguyen's motion to intervene for the limited purpose of appealing the court's denial of class certification, Doc. # 135, is GRANTED. Nguyen has ten days from the date of this order to file his appeal.

IT IS SO ORDERED.