

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROYA KOIKE and ADAM ODNERT, on behalf of themselves and all others generally situated, and on behalf of the general public, <br><br> Plaintiffs, <br><br> and <br><br> SHAUN NGUYEN, <br><br> Petitioner-intervenor - Appellant, <br><br> v. <br><br> STARBUCKS CORPORATION, <br><br> Defendant - Appellee. | No. 09-15541 <br><br> D.C. No. 3:06-cv-03215-VRW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, Chief District Judge, Presiding

Argued and Submitted April 13, 2010
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

Shaun Nguyen, an intervenor, appeals the district court's denial of a motion for class certification in a diversity action brought by former Starbucks employees Roya Koike and Adam Obnert. We have jurisdiction pursuant to 18 U.S.C. § 1291, and we affirm.

## I

We have appellate jurisdiction to entertain this appeal. Starbucks argues that we lack jurisdiction to hear this appeal because no final judgment has been entered as to Nguyen, who intervened only after judgment was entered against plaintiffs Koike and Obnert. However, both this court and the Supreme Court have held that a putative class member can intervene for the limited purpose of appealing a district court's denial of class certification subsequent to the entry of final judgment as to the named plaintiff's claim, thus implicitly concluding that circuit courts have jurisdiction to hear such appeals. *See United Airlines, Inc. v. McDonald*, 432 U.S. 385, 393-96 (1977); *see also Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1320-21 (9th Cir. 1997).

## II

The district court's denial of the motion for class certification was proper. Even giving full credence to the evidence presented by Koike, this evidence tends

to show only that business pressures exist which *might* lead assistant managers to work off-the-clock.  The district court did not abuse its discretion in finding that individualized factual determinations are required to determine whether class members did in fact engage in off-the-clock work and whether Starbucks had actual or constructive knowledge of off-the-clock work performed.

Nguyen argues that the district court abused its discretion by improperly assessing the merits of Koike's claims.  However, a "district court may consider the merits of the claims to the extent that it is related to the Rule 23 analysis." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 947 n. 15 (9th Cir. 2009). The district court's analysis clearly related to the issue of predominance under Rule 23(b)(3), and was not an improper assessment of the merits.

Nguyen argues that the evidence presented by Starbucks does not undermine Koike's ability to prove her claims with common evidence.  First, Nguyen argues that the testimony of Starbucks' statistical expert is consistent with Koike's assertion that class members regularly needed to work more than forty hours per week to complete assigned tasks.  This contention ignores the fact that the district court *assumed as true* that assistant managers' job tasks require work in excess of forty hours per week, yet nonetheless properly determined that individual issues

predominate. Thus, the fact that the expert's testimony can be reconciled with Koike's assertion does not undermine the district court's conclusion.

Nguyen also argues that the expert's testimony regarding variations in the amount of overtime worked from pay period to pay period is irrelevant to the issue of class certification because variation in damages among class members should not preclude certification. However, the district court did not rest its denial of class certification on a variation in damages. It considered the expert's testimony regarding variation in overtime worked only in determining that a number of Starbucks stores had excess non-overtime capacity, thus allowing those assistant managers with more than forty hours of work per week to delegate work to others. This conclusion speaks to variations in Starbucks' *liability* as opposed to merely at the damages stage.

Nguyen argues that the declarations of current assistant managers submitted by Starbucks have no evidentiary value because the declarants are not class members and because courts are reluctant to give significant weight to declarations that constitute a "litigation-driven" selective sampling of employees. However, the district court relied on these declarations only as evidence that (1) Starbucks trained its assistant managers regarding its policy against off-the-clock work, and

(2) assistant managers were paid for some overtime work during the class period. Neither proposition is in dispute.

Finally, Nguyen argues that the district court abused its discretion in declining to assign an adverse inference to Starbucks' failure to submit the results of its class member survey. We disagree. The adverse inference which Koike sought would not have undermined the district court's decision. Thus, the district court did not abuse its discretion in declining to apply any adverse inference.

**AFFIRMED.**