**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CENTER FOR FOOD SAFETY; ORGANIC SEED ALLIANCE; SIERRA CLUB; HIGH MOWING ORGANIC SEEDS, | No. 11-16468 |
| | D.C. No. 3:10-cv-04038-JSW |
| Plaintiffs - Appellants, | MEMORANDUM[*] |
| v. | |
| THOMAS J. VILSACK, | |
| Defendant - Appellee, | |
| BETASEED, INC.; MONSANTO COMPANY; SYNGENTA SEEDS, INC.; AMERICAN CRYSTAL SUGAR COMPANY, | |
| Intervenor-Defendants - Appellees. | |

| | |
|---|---|
| CENTER FOR FOOD SAFETY; ORGANIC SEED ALLIANCE; SIERRA CLUB; HIGH MOWING ORGANIC SEEDS, | No. 11-16564 |
| | D.C. No. 3:10-cv-04038-JSW |
| Plaintiffs - Appellees, | |

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

THOMAS J. VILSACK,

　　　　　　Defendant,

　and

BETASEED, INC.; MONSANTO COMPANY; SYNGENTA SEEDS, INC.; AMERICAN CRYSTAL SUGAR COMPANY,

　　　　　　Intervenor-Defendants - Appellants.

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted October 24, 2012
San Francisco, California

Before: SCHROEDER, THOMAS, and McKEOWN, Circuit Judges.

The Center for Food Safety and other plaintiffs appeal the district court's dismissal of their case as moot. We affirm. Because the parties are familiar with the history of this case, we need not recount it here.

I

The district court properly concluded that it lacked jurisdiction because the case was moot. In determining whether a case is moot, the "question is whether there can be any effective relief." *Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir. 2001) (internal quotation marks and citation omitted). "[D]efendants in [National Environmental Policy Act] cases face a particularly heavy burden in establishing mootness." *Id.* The district court properly determined that the government had satisfied its burden. The challenged permits have expired, and there is no effective relief that the court could grant.

The Center argues that, although the permits have expired, a court can still grant effective relief by, for instance, investigating the harms from the planting, ordering the crops destroyed, taking other steps to mitigate harms such as precluding later planting, or imposing safeguards. Most of those proposed actions are beyond the power of the court to order. Further, such measures cannot provide relief to the plaintiffs for the planting during the six-month period at issue, particularly now that Roundup Ready sugar beets have been fully deregulated and can be grown anywhere without a permit.

This case differs from others in which we have held that a court could grant effective relief despite the cessation of activity. *See, e.g.*, *Neighbors of Cuddy*

*Mountain v. Alexander*, 303 F.3d 1059, 1065-66 (9th Cir. 2002) (though logging was complete, court could mitigate impact of challenged timber sale by, for instance, ordering "the Forest Service to adjust future timber plans to compensate for this allegedly unlawful one"); *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1245 (9th Cir. 1988) (challenge to measures governing 1986 salmon fishing season not moot when season ended because court could mitigate alleged overfishing by allowing more fish to spawn in 1989 season). Here, there is no relevant ongoing agency action comparable to the creation of future fishing quotas or timber plans. This lawsuit concerns only the issuance of the permits, not the subsequent partial or full deregulations. Even if the district court were to find the permits had been improperly issued, it could not vacate the later deregulation on that basis. Thus, any harm from the issuance of the permits has already occurred and cannot be undone. *Cf. Feldman v. Bomar*, 518 F.3d 637, 643 (9th Cir. 2008).

II

The district court also properly concluded that this case does not fall within the exception for disputes that are capable of repetition but evade review. This exception applies when "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action

4

again." *Fed. Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007) (internal quotation marks and citation omitted).

Here, as the Center concedes, there is no evidence in the record demonstrating a reasonable expectation that the challenged conduct will recur.

III

The intervenors have also cross-appealed the district court's partial denial of their motions to intervene. We decline to reach this issue. Because the district court properly dismissed this case as moot, any erroneous denial would be harmless. *Cf. Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1321-22 (9th Cir. 1997) (holding harmless district court's erroneous denial of intervention for the limited purpose of appeal from denial of class certification); *Prete v. Bradbury*, 438 F.3d 949, 959-60 (9th Cir. 2006) (holding harmless erroneous grant of intervention).

**AFFIRMED.**